

## Affidavit of Special Agent Matthew Gilmore

I, Matthew Gilmore, being duly sworn, do depose and say:

1. I am a Special Agent with the United States Bureau of Immigration and Customs Enforcement ("ICE"), have been so employed by ICE and its predecessor agency, United States Customs Service, since April 2002. My duties include the detection and apprehension of aliens who are in the United States unlawfully.

2. This affidavit is submitted in support of an application for a criminal complaint against, and arrest warrant for, one ROBERT DENMARK, charging him with being an alien and having been excluded, deported and removed from the United States, was found in the United States without having received the express consent of the Attorney General prior to March 1, 2003 or the express consent of the Secretary of the Department of Homeland Security since that date, to reapply for admission to the United States, in violation of 8 U.S.C. § 1326. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint against DENMARK, I have not included each and every fact known to me and to other law enforcement officers participating in this process to arrest and charge DENMARK. Instead, I have included only those facts which I believe are necessary to establish the existence of probable cause to support the requested criminal complaint and arrest warrant.

3. As described below, there is probable cause to believe

1

that DENMARK knowingly and intentionally entered the United States, after having been deported, without the permission of the Attorney General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326.

**FACTS AND CIRCUMSTANCES**

4. On February 9, 2005, Massachusetts State Police ("MSP") Detective Michael Sampson arrested a Jamaican male, possessing a Massachusetts drivers license in the name of Darrick Maynard Scrubb, for trafficking in more than 14 grams of cocaine.

5. Detective Sampson ran Scrubb's fingerprints in the Automated Fingerprint Identification System. That database returned the following names and dates of birth for Scrubb's fingerprints: Robert DENMARK, Bryan Robinson, Bobby DENMARK, Darrick Maynard Scrubb, with dates of birth of November 18, 1968 and September 15, 1974.

6. On February 11, 2005, Detective Sampson advised me of the foregoing. On February 14, 2005, I conducted a review of ICE records. They contained an alien file with number A79661819 belonging to Robert DENMARK, date of birth, September 15, 1974. I then contacted the National Records Center ("NRC") and obtained information in the alien file assigned A77661819. The alien file reported that Robert DENMARK, a/k/a Darrick Scrubb, arrived at Atlanta Hartsfeld Airport on August 30, 2001 via Air Jamaica

Flight 57 from Kingston, Jamaica and presented for inspection an altered U.S. passport bearing the name "Darrick Scrubbs." The passport was examined and found to have been photo-substituted, in that the original photograph was cut from the back, lifted and replaced with the subject's photograph. At the time Robert DENMARK, a/k/a Darrick Scrubb presented the altered passport, DENMARK's fingerprints were taken and faxed to the FBI for comparison. The comparison showed that DENMARK had been arrested in Massachusetts in 1996 on narcotics charges and that his true name was Robert DENMARK. Finally, the alien file reported that removal proceedings were commenced against DENMARK the same day he arrived in the United States. He was expeditiously removed on September 1, 2001, two days after he arrived.

7. I obtained a photograph of DENMARK from the alien file and compared it with the arrest photograph taken by MSP in connection with the February 9, 2005 arrest. The comparison shows the two persons are one and the same.

8. My review of the alien file also showed no indication that DENMARK had sought or had been granted permission of the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after his September 1, 2001 removal. I know from experience and from training that if an application to re-enter had been sought or granted, the alien file would have reflected the same.

9. On February 16, 2005, a request for Certification of Nonexistence of Record for Permission to Re-enter the United States after Deportation was sent by facsimile to Citizenship and Immigration Services ("CIS") which maintains records on citizenship and related immigration matters. On February 28, 2005, CIS sent a Certificate of Nonexistence of Record for Permission to Re-enter the United States after Deportation for Robert DENMARK.

10. A fingerprint query with NCIC revealed a second alien file matching DENMARK's fingerprint. The alien file is assigned number A74 916 096, and is in the name of Bryan J. Robinson. Accordingly, there is probable cause to believe that Robinson and DENMARK are one and the same person. The alien file for Robinson was obtained from the offices of ICE in Hartford, Connecticut. The file showed, among other things, that Robinson had been convicted of distribution and dispensing a class B substance and received a sentence of one year of probation.

## CONCLUSION

11. Based on the foregoing, there is probable cause to believe that ROBERT DENMARK, being an alien and having been excluded, deported and removed from the United States, was found in the United States without having received the express consent of the Attorney General prior to March 1, 2003 or the express consent of the Secretary of the Department of Homeland Security

since that date, to reapply for admission to the United States, in violation of 8 U.S.C. § 1326.

12.   WHEREFORE, your deponent respectfully requests that a Criminal Complaint and Warrant for Arrest be issued for ROBERT DENMARK so that he may be dealt with according to law.

MATTHEW GILMORE
Special Agent
U.S. Bureau of Immigration &
     Customs Enforcement

Sworn to me and subscribed in my presence this ___ day of March, 2005.

CHARLES B. SWARTWOOD, III
United States Magistrate Judge

5